IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTEE DIVISION
CIVIL NO. 5:21-CV-00110-KDB-DSC

| | |
|---|---|
| SUMMIT MANAGEMENT SERVICES INC. and RIVERWALK DENVER II LLC, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| FALLS LAKE FIRE & CASUALTY COMPANY and COLONY INSURANCE COMPANY, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Defendants Falls Lake Fire & Casualty Company and Colony Insurance Company's "Motion for Judgment on the Pleadings" (document #40), along with the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion for Judgment on the Pleadings be denied as discussed below.

Accepting the factual allegations of the Complaint as true, Plaintiffs own and operate the Riverwalk Apartment Complex located in Denver, North Carolina. Doc. 1. Defendant insurance companies provided Plaintiffs with a policy that insured the property from March 31, 2020, until March 31, 2021. Doc. 1-2, Ex. B. On or about August 13, 2020, eight ground-level units sustained

1

water damage during a rain event. Doc. 1.

Plaintiffs retained the engineering firm ESP Associates to investigate the cause of the water damage. *Id.* ESP Associates determined that backup or overflow from sewers or drains caused an overflow of stormwater into the eight units. *Id.* Plaintiffs filed a claim with Defendants stating that the damage was caused by sewer and drainage back up. *Id.* Defendants retained an independent adjuster through Engle Martin & Associates to assist with the claim. Defendants and Engle Martin thereafter hired the engineering firm EFI Global to inspect and advise on the cause of the back-up. EFI Global similarly determined that a backup of the storm sewer network piping led to an overflow of stormwater that caused the damage. *Id.*

Defendants denied Plaintiffs' insurance claim based upon the policy's exclusion of coverage for "floods." *Id.* After receiving the denial letter and in accordance with the need for further inspection, Plaintiffs hired the engineering firm HICAPS to conduct a neutral investigation of the loss. Id. HICAPS concluded "[t]he storm drainage system did not drain properly during the rain event because of obstructions in the storm drain system." *Id.*

On April 20, 2021, Plaintiffs prepared a Sworn Statement in Proof of Loss valuing the claim at $325,971.87. *Id.* In response, Defendants reopened the claim and submitted the Sworn Proof of Loss and supporting documentation to EFI Global. EFI Global issued a supplemental report that concluded as follows: "EFI confirms our original cause of the water intrusion into Building 6903 of the Riverwalk Apartments was a result of the inundation and subsequent backup of the storm sewer network system. The sediment, debris, and/or trash within the storm drain piping as well as the debris reportedly on top of the drain inlet DI-A20 coupled with the relatively high precipitation rate (4.75-inches/hour) both likely contributed to the inundation of the storm sewer network system." *Id.* Defendants again denied the claim and reiterated their position that

there was no coverage because the damages were caused, at least in part, by "flooding." *Id.*

Plaintiffs filed their Complaint on July 7, 2021, alleging (1) breach of contract; (2) breach of good-faith and fair dealing; and (3) unfair and deceptive trade practices under North Carolina law. Doc. 21. On September 30, 2021, Plaintiffs filed a Motion for Partial Judgment on the Pleadings. Doc. 18. Plaintiffs argued that they were entitled to judgment on the pleadings as to their breach of contract claim. They alleged the water damage was covered under the policy because it was caused by the backup or overflow from sewers or drains. Doc. 19. Defendants filed a cross Motion for Judgment on the Pleadings on October 15, 2021. Doc 21.

On March 11, 2022, the Court <u>denied</u> Plaintiffs' Motion and <u>granted</u> Defendants' Motion as to Plaintiffs' "bad faith" and unfair trade practices claims. "Order" at 14 Doc. 34. The Court <u>denied</u> Defendants' Motion as to Plaintiffs' breach of contract claim. *Id.*

On June 7, 2022, Defendants filed a second "Motion for Judgment on the Pleadings" (document #40). They contend the parties now disagree as to which issues remain in the case. But they otherwise re-argue the breach of contract claim. It is the law of this case that Plaintiffs' factual allegations are sufficient to support a breach of contract claim. For that reason, the undersigned respectfully recommends that "Defendants' Motion for Judgment on the Pleadings" (document #40) be **DENIED.**

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. *Diamond v. Colonial Life*, 416 F.3d 310, 315-16 (4th Cir. 2005); *Wells v.*

3

*Shriners Hosp.*, 109 F.3d 198, 201 (4th Cir. 1997); *Snyder v. Ridenour*, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. *Thomas v. Arn*, 474 U.S. 140, 147 (1985); *Diamond*, 416 F.3d at 316; *Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003); *Wells*, 109 F.3d at 201; *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel and to the Honorable Kenneth D. Bell.

**SO ORDERED AND RECOMMENDED.**

Signed: August 8, 2022

David S. Cayer
United States Magistrate Judge