IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00110-KDB-DSC

| | |
|---|---|
| SUMMIT MANAGEMENT SERVICES, INC, AND RIVERWALK DENVER II, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> FALLS LAKE FIRE & CASUALTY COMPANY AND COLONY INSURANCE COMPANY, <br><br> Defendant. | **ORDER** |

**THIS MATTER** is before the Court *sua sponte*. Pursuant to the recent order of the Court, trial in this case is scheduled to begin on November 14, 2022; however, the case management order entered in this action does not reflect the Court's current requirements and schedule for pretrial submissions. Therefore, the governing Pretrial Order and Case Management Plan (Doc. No. 16) is hereby amended to substitute the following provisions related to the trial of this action:

V.  TRIAL

A.  TRIAL DATE. A trial by jury is scheduled for November 14, 2022. The parties estimate that the total time needed for trial will be approximately five days. The parties are advised that the length of the trial, which may be shorter than the parties' current estimate, will ultimately be set by the Court at the pretrial conference.

B.  TRIAL SUBPOENAS: Counsel must subpoena all witnesses at least fourteen days before the trial date. The Court may elect not to enforce subpoenas that have not been issued in

1

compliance with this deadline or, if requested, may quash subpoenas that have not been issued in compliance with this deadline.

C. **PRETRIAL SETTLEMENT CONFERENCE:** At least five weeks before the trial date the parties shall hold a settlement conference as ordered above and file a Certification of Settlement Conference.

D. **COUNSEL'S DUTIES PRIOR TO TRIAL:** At least four full weeks before the trial date, counsel for all parties shall:

1. Exchange copies of exhibits or permit inspection if copying is impractical;

2. Number and become acquainted with all exhibits;

3. Exchange a list of witnesses expected to be called at trial (which is non-binding but must be prepared in good faith);

4. Agree upon stipulations of fact and file them with the Court. The parties are encouraged to stipulate to as many facts as possible to facilitate the trial of the case;

5. File with the Court a trial brief stating the issues to be tried and addressing all questions of law and any anticipated evidentiary issues;

6. In all non-jury cases, file proposed Findings of Fact and Conclusions of Law; and

7. File motions in limine, which shall have an expedited briefing schedule as follows: the response to a motion in limine shall, unless extended by the Court for good cause shown, be filed within 10 days and replies, if any, must be filed within 4 days of the response.

E. **FURTHER PRETRIAL FILINGS:** At least fourteen days before the trial date, counsel for the parties shall file with the Court the following documents, which are described below:

1. Requested questions for voir dire (prepared jointly);

2. Proposed jury instructions (prepared jointly); and

3. Deposition testimony a party will offer as evidence at trial (in the form described below).

F. PROPOSED JURY INSTRUCTIONS: If a jury trial has been requested, counsel must prepare and **jointly submit a single compilation** of proposed jury instructions that are narrowly tailored to the anticipated issues arising at trial (e.g., the elements of the claims and defenses at issue), subject to supplementation at the close of evidence, as necessary, as contemplated by FRCP 51. Counsel shall identify and index each proposed instruction by number and heading and support each proposed instruction with adequate legal authority. A proposed instruction without a supporting citation may not be considered. Counsel should number each proposed instruction and shall submit each proposed instruction on a separate page. Where there is disagreement as to any instruction, this jointly prepared submission shall disclose the basis for the party's objection and (if applicable) provide a proposed alternate instruction. Counsel should not simply send the Court a collection of pattern jury instructions that have not been conformed to the particular case. Also, standard pattern introductory instructions are not required to be submitted. In addition to filing the joint proposed jury instructions electronically, counsel should electronically send to the Court's chambers a copy of the proposed instructions in a document prepared or compatible with a standard word processing program, preferably Microsoft Word.

G. JURY VOIR DIRE: Counsel should prepare and jointly file with the Court a single compilation of voir dire questions that they propose for the Court to ask prospective jurors, noting any party's objection, to each proposed question. The Court, after consideration of the requests for voir dire submitted by counsel, shall conduct jury voir dire pursuant to FRCP 47(a), which may, at the Court's discretion, include a short period (e.g., 10 minutes) for counsel to participate in voir

dire (without arguing their case). Counsel will be given an opportunity to submit additional voir dire for the Court's consideration based on the responses of the potential jurors. As with the proposed jury instructions, in addition to filing the joint proposed voir dire questions electronically, counsel should electronically send to the Court's chambers a copy of the proposed questions in a document prepared or compatible with a standard word processing program, preferably Microsoft Word.

H. DEPOSITION TESTIMONY: If a party intends to offer deposition testimony as evidence at trial, the parties must prepare and submit the testimony to the Court as follows:

1. The party originally offering the testimony shall highlight in yellow all portions of the deposition testimony it will seek to have admitted;

2. That party shall then provide the highlighted copy to the opposing party;

3. The opposing party shall highlight in a different color all portions of the deposition testimony it will seek to have admitted;

4. The opposing party shall then list briefly in the margins, directly adjacent to the relevant testimony, any objections it has to that testimony (e.g., 401, hearsay);

5. The opposing party shall then return the document to the party originally offering the testimony, who will note on the transcript any objections to the opposing party's highlighted portion; and

6. The parties shall prepare a document that consecutively lists all the testimony in each deposition being objected to by either party along with a very brief description of the nature of the objection (e.g., "Relevance," "Hearsay," "Rule 403," "Rule 408") and a blank line or box where the Court can rule on the objection.

4

Case 5:21-cv-00110-KDB-DSC   Document 46   Filed 08/31/22   Page 4 of 7

The party originally offering the testimony shall then file the highlighted depositions and summary document with the Clerk of Court. Also, in addition to the electronic filing, counsel should deliver to the Court's chambers two courtesy copies of the highlighted deposition testimony and electronically send the Court's chambers a copy of the summary document listing the objections prepared or compatible with a standard word processing program, preferably Microsoft Word.

I. FINAL PRETRIAL CONFERENCE: The Court will likely schedule a final Pretrial Conference after the filings described above to consider the parties' motions and objections, inquire about the potential settlement of the matter and otherwise prepare for trial.

J. WITNESSES AND EXHIBITS : No later than 2 p.m. two business days immediately preceding the first day of trial (i.e. by 2 p.m. Thursday if trial is to begin on a Monday) [or earlier if agreed between the parties], counsel for each party shall file with the Clerk of Court via CM/ECF the following:

1. A witness list containing the name of every proposed witness;

2. A statement of the education, experience, and qualifications of each expert witness, unless the parties have stipulated to the qualifications of each expert witness;

3. Stipulations concerning the authenticity of as many proposed exhibits as possible; and

4. An exhibit list.

K. EXHIBITS: Parties are expected to use presentation technology available in the courtroom to display evidence to the jury. Training on the equipment should be arranged well in advance of trial with the Courtroom Deputy. See "Courtroom Technology" link on the District website at www.ncwd.uscourts.gov. Counsel shall provide in electronic format any exhibits of

documents, photographs, videos, and any other evidence that may be reduced to an electronic file, for the use of Court personnel and the Court's Jury Evidence Recording System (JERS) during trial. Documents and photographs shall be in .pdf, .jpg, .bmp, .tif, or .gif format; video and audio recordings shall be in .avi, .wmv, .mpg, .mp3, .wma, or .wav format. Each electronic exhibit shall be saved as a separate file, and provided to the Court on a storage device, such as cd, dvd, or flash drive.

Exhibit files shall be named consistent with their order and name on the exhibit list. For example:

Exhibit 1 -   photograph of . . . Exhibit 2(a) - contract

Exhibit 2(b) - video deposition of . . .

L.   FORMAT FOR EXHIBIT LIST: In preparing the exhibit list, counsel shall separately identify and number each exhibit, shall arrange the list numerically by exhibit number, and place the following headings on the exhibit list:

Exhibit #   Description   Identified by   Admitted

It is not necessary for counsel to make entries in either the "Identified by" column or the "Admitted" column. Counsel shall also provide an electronic copy of the exhibit list with the electronic exhibit files.

M.   EXHIBIT NOTEBOOKS: If counsel for any party intends to tender more than fifteen documentary exhibits, counsel for that party shall prepare two identical exhibit notebooks, or sets of exhibit notebooks, containing only those exhibits listed on the party's exhibit list. Exhibits which are voluminous (unless of particular importance) or which have a very low likelihood of being introduced even though they have been included on the party's exhibit list should not be included in the exhibit notebooks. The exhibit notebooks shall contain an index of

the exhibits and a copy of each exhibit. Counsel shall tab each exhibit separately (i.e., no group exhibits) and shall numerically arrange each exhibit notebook or set of exhibit notebooks. The exhibit notebooks are necessary so that the witness and the Court may each have a set of exhibit notebooks in the event that technical difficulties prevent the parties from presenting their exhibits electronically. The parties may seek leave of Court to waive the requirement of exhibit notebooks where hard copies of the proposed exhibits would be overly voluminous or otherwise unwieldy.

N. ASSESSMENT OF JURY COSTS: Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all jury costs, including Marshal's fees, mileage reimbursement, and per diem fees equally against the parties or otherwise may determine appropriate assessments unless the Clerk's Office is notified at least one full business day prior to the date on which the action is scheduled for trial or the parties establish good cause why the Court should not assess jury costs against the parties. When any civil jury trial is settled at trial in advance of the verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: August 30, 2022

Kenneth D. Bell
United States District Judge